**Anita RIOS, et al., Plaintiffs,**

v.

**J. Kenneth BLACKWELL, Defendant.**

**Delaware County Prosecuting Attorney, et al., Plaintiffs,**

v.

**National Voting Rights Institute, et al., Defendants.**

**Nos. 3:04CV7724, 3:05CV7286.**

United States District Court,
N.D. Ohio,
Western Division.

Feb. 7, 2006.

Richard M. Kerger, Kerger & Kerger, Toledo, OH, John C. Bonifaz, National Voting Rights Institute, Boston, MA, Nancy Holland Myers, Holland Myers & Myers, Akron, OH, for Anita Rios, et al. and National Voting Rights Institute, et al.

Arthur J. Marziale, Jr., Richard N. Coglianese, Damian W. Sikora, Office of the Attorney General, State of Ohio, Columbus, OH, for J. Kenneth Blackwell.

Christopher D. Betts, Office of the Attorney General, State of Ohio Corrections Litigation Section, Mark D. Landes, Isaac, Brant, Ledman & Teetor, Columbus, OH, David Esq. Yost, Peterson & Yost, Delaware, OH, for Delaware County Prosecuting Attorney, et al.

Lisa J. Danetz, National Voting Rights Institute, Boston, MA, Donald J. McTigue, Mark A. McGinnis, Columbus, OH, for National Voting Rights Institute, et al.

CARR, Chief Judge.

This are voting rights cases. Plaintiffs seek prospective injunctive relief to guarantee access to Ohio's recount procedures in future elections.

Jurisdiction exists under 28 U.S.C. §§ 1331, 1332.

Pending is defendants' motion to dismiss all claims under Fed.R.Civ.P. 12(b)(1) and 12(b)(6). For the following reasons, that motion will be granted.

### Background

After the November, 2004, election, plaintiff Michael Badnarik, the Libertarian candidate for President, applied for a recount under O.R.C. §§ 3515.01, 3515.07. He claims he never received what he was entitled to because defendant Secretary of State J. Kenneth Blackwell violated federally authorized state law by delaying any recount to render it meaningless.

Ohio law provides for a recount in two situations. First, if the winning candidate's margin of victory is less than .25%, the state must automatically recount the votes. O.R.C. § 3515.011. Second, any

candidate is entitled to request a recount so long as he or she posts the statutorily mandated fee. O.R.C. §§ 3515.01, 3515.07. Any recount must begin no sooner than eleven days and no later than fifteen days after the voting. O.R.C. § 3505.32.

Ohio imposes this time restriction because of the strictures of federal voting procedures. Federal law mandates that all states must certify their final tallies six days before the electoral college votes in Washington D.C. 3 U.S.C. § 5. This safe harbor provision prevents endless litigation over election results.

In 2004, Secretary Blackwell issued Directive 2004–58. Plaintiffs allege this directive rendered meaningless any recount by ensuring that recount results would postdate the federally mandated safe harbor. Secretary Blackwell limited the terms of Directive 2004–58 to the 2004 election.

## Discussion

Secretary Blackwell raises a sovereign immunity defense and contends plaintiffs' claim is not yet ripe. Because I find sovereign immunity is a bar to this cause of action, I need not address the ripeness issue.

The Eleventh Amendment bars suits against states in federal court unless the state expressly consents to suit or Congress unequivocally abrogates the immunity. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984). There exists an exception to this general rule for suits against state officers for prospective injunctive relief to prevent a continuing vio-

lation of federal law. *Ex parte Young*, 209 U.S. 123, 155–56, 159, 28 S.Ct. 441, 52 L.Ed. 714 (1908).

Here, plaintiffs claim their suit comes within the *Young* exception. While plaintiffs seek prospective injunctive relief and Secretary Blackwell's actions arguably conflict with federal law,[1] the alleged violation is not a continuing one and sovereign immunity therefore bars this cause of action. The *Young* exception only allows suits where "a violation of federal law by a state official is ongoing as opposed to cases in which federal law has been violated at one time or over a period of time in the past." *Papasan v. Allain*, 478 U.S. 265, 277–78, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986).

Here, Secretary Blackwell's alleged violation occurred more than a year ago. Because Secretary Blackwell limited the effect of directive 2004–58 to the 2004 election, any alleged violation is no longer ongoing. Consequently, this suit falls outside the *Young* exception.

## Conclusion

For the foregoing reasons, it is therefore,

ORDERED THAT defendant's motion to dismiss be, and the same hereby is, granted.

So ordered.

---

1. Secretary Blackwell's actions allegedly conflicted with Ohio election law. Though that is state law, plaintiffs contend their claim comes within the *Young* exception because it is federally authorized state law. At least one federal court has offered support for this position. *Verizon Del., Inc. v. AT & T Comm. of* *Del., LLC, et al.*, 326 F.Supp.2d 574, 589 (D.Del.2004) (Eleventh Amendment no bar to cause of action against state official on state law theory where federally delegated power is at issue). Because plaintiffs' claim falls outside the *Young* exception for other reasons, I do not reach this question.